| EDWARDS J.,
dissenting.
I respectfully dissent from the majority opinion in this case. It is my opinion that the trial court erred in failing to allocate a percentage of fault to plaintiff/appellee Stanley Straughter. Under the doctrine of comparative fault, Straughter should be held fifty percent (50%) liable for the damages sustained in the accident and his award reduced accordingly.
Defendani/appellant Zead Ellebnawi introduced the deposition testimony of independent witness Jeffery Mores, Jr. during the trial. Mores was traveling eastbound on Airline Highway approximately three car lengths behind Ellebnawi. He testified that when the taxi cab driven by El-lebnawi reached the intersection of Airline Highway and Roosevelt, it had the green light. The vehicle driven by Straughter collided with Ellebnawi’s vehicle while attempting to make a left turn onto westbound Airline Highway from Roosevelt. The trial court apparently discounted the testimony of Mores and found Ellebnawi to be completely (100%) at fault for the accident. It is my opinion that the trial court failed to properly | ¿weigh Mores’ testimony and erred in assigning 100% fault to Ellebnawi.
The fact that more than one party can contribute to the harm is the reason for our comparative fault system.[1] As a threshold requirement, a plaintiff must be found partially at fault in causing the resulting harm before the application of this doctrine can be considered to reduce a damage award.[2] In apportioning fault the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.[3]
The doctrine of comparative fault is codified under LSA-C.C. art. 2323, which states in part:
“(A) In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person’s insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 24:1032, or that the other person’s identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the | ¡¡fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.”
Taking into account the testimony of Mores, it is my opinion that the injuries sustained by Straughter were partly due to his own negligence. Under the doctrine of comparative fault, his damages must be *880 reduced in proportion to his percentage of negligence. It is my opinion that Straughter was fifty percent (50%) at fault in this accident and that the amount of damages awarded to him by the trial court must be reduced accordingly. I respectfully dissent from the opinion of the majority.

. Campbell v. Louisiana Dept. of Transp. & Development, 94-1052 (La.1/17/95), 648 So.2d 898.

. Trahan v. Savage Industries, Inc., 96-1239 (La.App. 3rd Cir. 3/5/97), 692 So.2d 490; writ denied, 97-1636 (La.10/3/97), 701 So.2d 207; writ denied, 97-1652 (La.10/3/97), 701 So.2d 209.

. Campbell v. Louisiana Dept. of Transp. & Development, supra at 902.